ELMER WHITEHILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11399. Promulgated June 5, 1929.

*E. A. Ford Barnes, C. P. A.*, for the petitioner.
*A. H. Fast, Esq.*, and *H. D. Thomas, Esq.*, for the respondent.

**OPINION.**

MURDOCK: The petitioner during all of the calendar year 1917 and the first half of the calendar year 1918, was a member of a partnership known as Martin-Whitehill Co. In 1918 he discontinued his connection with the partnership business. He complains that thereafter and without his knowledge or consent, his former partner, W. W. Martin, prevailed upon the Commissioner to have the salary allowance for the two partners increased, which increase forms the basis for a part of the deficiency for the year 1917 now in controversy, due to the fact that on the salary allocated to him an excess-profits tax is computed. He also claims that his tax liability for 1918 was increased because of this same salary reallocation. In regard to the year 1918 the petitioner is clearly in error, for the provisions of the 1917 Act relating to excess-profits taxes on partnerships and individuals was repealed and no corresponding provisions were reinacted in the Revenue Act of 1918. Also, it appears from the Commissioner's deficiency notice that in the computation of the petitioner's tax liability for the year 1918 he did not include any excess-profits tax.

The Revenue Act of 1917, section 201, provided for a tax, with some exceptions, on the income of every partnership or individual equal to specified percentages of the net income in excess of deductions. It further provided, in section 206, the basis on which the net income of a partnership or individual should be ascertained and allowed certain deductions, including the necessary expenses actually paid in carrying on any business or trade not including personal, living or family expenses. Immediately upon the enactment of this Act the Commissioner, with the approval of the Secretary of the Treasury, promulgated Regulations 41, which, in article 32, provided that in computing the net income for purposes of the excess-profits tax a partnership should be allowed to deduct as an expense with respect to any period prior to March 1, 1918, salaries or compensation for services actually rendered by individual partners during the taxable year. We have heretofore held that this provision was reasonable and proper in the light of the intent and purpose of the Revenue Act of 1917. *Gottlieb Brothers*, 1 B. T. A. 684. The same article of the regulations further provided that a partner in his individual capacity was, however, subject to the excess-profits tax, if any, at a certain rate with respect to any salary or compensation from the partnership for personal services. The Commissioner thus avoided double taxation of the same income, and in our opinion this latter part of this article of the regulations was reasonable and proper under the Revenue Act of 1917. We have also held that under this Act and these regulations a partnership was entitled to deduct an amount, reasonable under all the circumstances, as salaries or compensation for the services of the partners. *Gottlieb Brothers, supra; W. W. Martin*, 12 B. T. A. 1385.

In the case of each partnership which did business during 1917, it was the duty of the Commissioner to determine the amount of the net income of such partnership subject to excess-profits tax, and in this connection it was his duty to determine the amount to be deducted by the partnership representing a reasonable salary for each of the partners who performed services for the partnership during such year. This was his duty, no matter what was shown on the returns of the partnership or what was shown on the returns of the individual partners, *W. W. Martin, supra,* and no matter what one or more of the partners might have said or represented to him. It was also his duty, even though one of the partners might have said or represented one thing and another of the partners might have said or represented another thing to him. In the present case he has determined that a certain amount was reasonable compensation for the services of this partner and a certain other amount was reasonable compensation for the services of the other partner in connection with

the partnership business, and on the basis of these amounts he has determined profits tax of the partnership, Martin's excess-profits tax and the deficiency here in controversy. Before this partner would be entitled to a decision reducing his tax liability as thus determined by the Commissioner, it would be incumbent upon the petitioner to introduce evidence sufficient to overcome the presumption of correctness which attaches to the determination of the Commissioner. He has not sustained his burden of proof in this connection by showing that the Commissioner made the salary allocation in question at the solicitation and upon the representations of W. W. Martin made in December, 1924, without the knowledge or consent of the petitioner and in order to protect the interests of Martin as successor to the partnership. Upon first thought these facts may seem to have some bearing upon the question, because it seems unfair to Whitehill to allow him to suffer by what Martin did after Whitehill was no longer connected with the business. But more accurate thinking leads to the conclusion that once the Commissioner has made his determination of this petitioner's tax liability, it is not to be overthrown by a mere showing that Martin made some representations to the Commissioner which, if acted upon, might adversely affect Whitehill, and which, so far as the record herein shows, might or might not have been true, and thereafter the Commissioner made his determination increasing the salary allowances to the partners and as a result increased the petitioner's tax liability. Furthermore, the fact that the petitioner reported a certain amount upon his return as salary received from the partnership, which amount is far less than the amount which the Commissioner allocated to this petitioner as salary from the partnership, is not sufficient ground on which to overthrow the determination of the Commissioner; *W. W. Martin, supra.* The petitioner introduced no evidence tending to show what was a reasonable salary allowance for each of the partners for the services performed by them in the business in the year material hereto. He did not even show what the partnership agreement provided. We are unable to determine in any way what was a reasonable allowance for partners' salaries. Therefore, we can not say in the case of this petitioner that it was less than the amount determined and allowed by the Commissioner. There may or there may not be other reasons why we ought not to disturb the determination of the Commissioner in this case but having met with one insurmountable obstacle which in any event would prevent us from disturbing the Commissioner's determination, our judgment must be for the respondent.

*Judgment will be entered for the respondent.*